IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.  2016-CA-151

RACHEL EDWARDS,

      Plaintiff,

v.

SOS INTERNATIONAL SHIPPING CORP.
d/b/a SOS OVERSEAS MOVING,
NOVUS INSURANCE SERVICES, INC.,
d/b/a NOVUS MARINE, and
ASSICURAZIONI GENERALI, S.P.A.
d/b/a GENERALI US BRANCH

      Defendants.

---

## PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

---

Plaintiff, RACHEL EDWARDS, by and through her undersigned attorneys, hereby files her Amended Complaint for Damages against SOS International Shipping Corp., Novus Insurance Services, Inc., and Assicurazioni Generali, S.p.A., and alleges as follows:

### PARTIES AND JURISDICTION

1.     Plaintiff is an individual currently residing in the United Kingdom.

2.     Defendant SOS International Shipping Corp. ("SOS") is a Florida corporation with offices in Hackensack, New Jersey and Brooksville, Florida, and is licensed by the federal maritime commission as an Ocean Transportation Intermediary under FMC license No.: 023995F, engaged in the transportation of household goods.

C-276

3.      Defendant Novus Insurance Services, Inc. ("Novus") is a California corporation, with its principal place of business in Irvine, California.

4.      Defendant Assicurazioni Generali, S.p.A., is an Italian company doing business in the United States through its representative Generali U.S. Branch and does business in all fifty states under various d/b/a's including  Generali Assicurazioni Generali S.p.A., Generali US Branch, Assicurazioni Generali – U.S. Branch, The General Insurance Company of Trieste & Venice, and The General Insurance Company of Trieste and Venice – U.S. Branch.

5.      This Court has personal jurisdiction over all Defendants as each does substantial and continued business within the state of Florida, and Defendant SOS resides within the state.

## FACTS

6.      On or about January of 2015, Plaintiff engaged SOS to pack, load, and transport a shipment of Plaintiff's personal household goods from locations in Pennsylvania and Kentucky to Cambridge, England. See Exhibit "A".

7.      Prior to shipping their goods with SOS, SOS offered to arrange a policy of insurance to cover the Plaintiff's goods during transit.  See Exhibit "B".

8       Plaintiff purchased the policy of insurance from Novus, through Novus' agent SOS, who signed the certificate of insurance on behalf of Novus. See Exhibit "B".

9.      The certificate of insurance identified Generali as an insurer or underwriter of the policy.

10.     SOS additionally made warranties regarding the proper packing and wrapping of personal goods and furniture so as to protect them from damage, and the preparation

of detailed inventory lists.

11.    SOS packed and loaded all of Plaintiff's belongings and transported them or caused them to be transported in international commerce.

12.    Upon arrival at the Plaintiff's residence in Cambridge, England, it was discovered that the Plaintiff's household goods had not been properly packed, wrapped, and loaded and instead had been haphazardly thrown into an ocean container.

13.    A majority of the Plaintiff's goods arrived damaged.

14.    The Certificate of Insurance advised that notice of claims under the policy should be made to Novus Marine, and that Novus Marine would provide claims assistance.

15.    Plaintiff filed a claim with Novus Marine for the damage to the Plaintiff's household goods which occurred during transit.

16.    Novus failed or refused to pay on the policy it issued to cover the Plaintiff's goods during transit.

17.    Novus failed to provide claims assistance as it was required to under the policy.

18.    Upon information and belief Novus failed to even provide notice of the claim to Generali Insurance, despite its obligation to do so.

19.    Plaintiff made a demand upon SOS for the loss and damage to goods during transit.

20.    SOS refused to pay any compensation, and invited the Plaintiff to sue SOS.

21.    SOS failed and refused to assist in the claim process with Novus, although SOS had acted as an insurance agent or broker for the sale and purchase of the Novus policy to the Plaintiff.

22.     Based upon information and belief, SOS is not licensed to act as an insurance broker, an insurance agent, or otherwise to sell insurance policies.

23.     SOS did act as an insurance agent or broker and did sell a policy of insurance to Plaintiff, and SOS made specific representations as to the coverage provided thereby.

24.     The principal of SOS who booked the shipment of Plaintiff's goods, Anthony Cavaliere, also signed the certificate of insurance on behalf of Novus. See Exhibit "B".

### COUNT I -
### Breach of Contract against SOS

25.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

26.     On or about January 2, 2015 , SOS and Plaintiff entered into a contract for the packing, loading, and transportation of Plaintiff's goods.  See Exhibit "A."

27.     Pursuant to the terms of that contract, Plaintiff was to pack, load, and transport Plaintiff's goods from origin to destination without damage or loss.

28.     Plaintiff breached this contract by failing to deliver the goods without loss or damage.

29.     Due to the multiple and repeated breaches of SOS, Plaintiff has suffered actual damages in an amount in excess of $40,000.00.

30.     Despite due demand, SOS has failed to make payment to Plaintiff.

31.     By virtue of the foregoing, Plaintiff is entitled to the full amount of all expenses incurred, including the expenses and costs incurred as a result of SOS' breach including those related to the claims process and the storage of damaged goods.

32.     Plaintiff has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

33.     Plaintiff has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendant, SOS International Shipping Corp., in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## COUNT II - Violation of Florida's
## Deceptive and Unfair Trade Practices Act Against SOS

34.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

35.     Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), §§501.201, et seq., Fla. Stat., prohibits unfair and deceptive acts or practices in the conduct of any trade or commerce.

36.     At all times material, the transactions between Plaintiff and SOS in this case were "consumer transactions" within the scope of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201 to 501.213, Florida Statutes.

37.     At all times material hereto, SOS was acting on its own behalf, or alternatively, as an agent of Novus. SOS executed a certificate of insurance based upon its misrepresentations as an agent of Novus.

38.     SOS engaged in unfair and deceptive acts and practices in their dealings with Plaintiff as follows:

a)      misrepresenting its experience, expertise, and ability in international shipping.

b)      misrepresenting the manner in which the goods would be packed and prepared for transportation.

c)      misrepresenting the manner in which the goods would be handled and loaded for transportation.

d)      misrepresenting the manner in which inventories would be prepared and provided to the Plaintiff describing the goods packed, loaded, and transported.

e)      misrepresenting the coverage that Plaintiff was purchasing in the policy of insurance that SOS sold to Plaintiff.

f)      selling the Plaintiff a policy of insurance, which SOS necessarily had significant familiarity in order to be acting as agent and signatory to Novus, which required certain documentation in order for a claim to be accepted, without warning or advising Plaintiff of the necessary claim documentation, or preparing such documentation as it loaded, packed, prepared and transported the subject shipment.

g)      purposefully creating a scheme to defraud, whereby SOS contractually disclaimed full liability for the damage that it caused, selling Plaintiff a policy of insurance that it claimed would fill the void that its contractual disclaimer created, while knowing that coverage would not be provided.

h)      failing to prepare detailed inventories when it knew that such inventories were necessary to make a claim against the policy.

i)      representing that it would assist in the claims process and claims resolution should any problem exist.

      j)     failing to assist in the claims process despite repeated representations that it would provide assistance.

      k)     by intentionally, knowingly, and fraudulently gaining the confidence of Plaintiff by making continued false representations in a scheme to defraud Plaintiff.

      l)     either by affirmative act or omission, has, by and through its agents and employees, failed to disclose pertinent information about the moving agreement, its terms, or the insurance agreement, including, but not limited to, valuation, coverage, inventory requirements, disclaimers, limitations of liability, etc.

      m)     by repeatedly making false representations to Plaintiff as to the coverages provided and bases for declination of coverage.

39.    As a result of Defendants' unlawful conduct, Plaintiff has suffered actual damages to its household goods, suffered the expense of purchasing a policy sold to it by SOS which has failed to provide the coverage it was sold to provide, suffered the expense of multiple surveyors, experts, time and money in researching and preparing claim documents only for the claim to be continually declined, and suffered the expense of the transportation charges by SOS for which it did not receive value.

40.    Plaintiff has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.  Such fee is claimed from SOS pursuant to § 501.2105 and § 501.211, Florida Statues.

41.    Plaintiff has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendants, SOS International Shipping Corp., in an amount to be proven at trial, plus court costs,

interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## COUNT III -
## COGSA Against SOS

42.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

43.     SOS is an ocean carrier or NVOCC within the meaning of the Carriage of Goods by Sea Act, Title 46, United States Code, Sections 1300-1315 ("COGSA").

44.     The shipment was transported pursuant to an ocean bill of lading. See Exhibit "C".

45.     The contents of the shipment were tendered by Plaintiff to SOS in good and undamaged condition.

46.     The contents of the shipment were delivered by SOS or its agents in severely damaged condition.

47.     The value of the damage to the Plaintiff's goods is in excess of $40,000.00.

48.     Plaintiff has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

49.     Plaintiff has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendant, SOS International Shipping Corp., in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## COUNT IV -
## Fraud Against SOS

50.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

51.     SOS misrepresented the services that it would provide to the Plaintiff.

52.     SOS misrepresented the content and effect of the policy of insurance that it sold to Plaintiff.

53.     Plaintiff realleges and incorporates the allegations of paragraph 35, as specific fraudulent misrepresentations made by Anthony Cavaliere to the Plaintiff.

54.     SOS repeatedly assured the Plaintiff that the policy of insurance it was selling would cover the Plaintiff for any loss or damage to their goods at any point during transit do to any cause.

55.     SOS made these misrepresentations to Plaintiff with the intent that they would be relied upon.

56.     SOS acted as an insurance agent for Novus in making these misrepresentations as to the insurance policy it was selling to Plaintiff.

57.     SOS made these representations in an effort to induce Plaintiff to use its moving services and purchase a policy of insurance through it, with Novus.

58.     Plaintiff was induced by SOS's misrepresentations and agreed to do business with SOS and Novus as a result of such misrepresentations.

59.     The entire business relationship between Plaintiff , SOS and Novus, was predicated on active fraud and deception on the part of SOS and Novus.

60.     Upon information and belief, SOS solicited Plaintiff to purchase this policy,

not for the purpose of protecting Plaintiff, but for the purpose of charging moving fees and commissions from Novus at Plaintiff's expense.

61.     SOS' representations were part of a scheme intended to defraud Plaintiff.

62.     SOS encouraged Plaintiff to rely upon these misrepresentations in choosing to do business with Plaintiff.

63.     Plaintiff was reasonable in relying upon SOS's representations as to the moving services and the policy of insurance.

64.     SOS's false statements and material misrepresentations were made with full knowledge of their falsity.

65.     As a direct and proximate result of SOS's misrepresentations, Plaintiff has been damaged in the form of damaged household goods, costs related to inspections and surveys, costs incurred by the additional moving and storage of the damaged goods, loss of use of their goods, the cost of the moving services, and the cost of the insurance policy.

66.     Plaintiff has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.

67.     Plaintiff has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendants, SOS International Shipping Corp., in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## COUNT V -
## Breach of an Insuring Agreement Against Novus

68.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

69.     Plaintiff and Novus entered into a contract for insurance.

70.     Plaintiff filed a claim for loss pursuant to the contract for insurance.

71.     Novus breached the contract with Plaintiff by:

a)      Failing to promptly and reasonably adjust the claim;

b)      Failing to properly train and/or instruct its adjusters and/or agents;

c)      Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

d)      Failing to take into account increases in the costs, replacement cost and adjusting claims for these increased costs;

e)      Failing to timely provide sufficient funds for the repairs and replacement of the subject property;

f)      Failing to pay for expenses incurred by plaintiff as a result of the loss during the time frame of the relevant insurance contract;

g)      Failing to promptly adjust and properly pay the plaintiff's total loss as proven and substantiated;

h)      Failing to provide sufficient funds for the repair or replacement of the contents and subject property, as per policy provisions; and

i)      Any other acts or omissions to be shown at trial on the merits.

-11-

72.     As a result of these breaches of the insurance agreement, Plaintiff has been damaged in the form of damaged household goods, costs related to inspections and surveys, costs incurred by the additional moving and storage of the damaged goods, loss of use of their goods, the cost of the moving services, and the cost of the insurance policy.

73.     Plaintiff has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.

74.     Plaintiff has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendant, Novus Marine, in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## COUNT VI -
### Breach of Contract Against Novus

75.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

76.     Plaintiff and Novus entered into an agreement whereby Novus was to provide certain services to Plaintiff in exchange for compensation. See Exhibit "B".

77.     Novus had a duty to assist Plaintiff in the claims process.

78.     Novus had a duty to report claims to Generali.

79.     Novus breached these duties as outlined in paragraphs 85 and 86.

80.     As a direct result of Novus breach of contract, Plaintiff has suffered damages in the form of damaged household goods for which it received no compensation, costs related to inspections and surveys, costs incurred by the additional moving and storage of

the damaged goods, loss of use of their goods, the cost of the moving services, and the cost of the insurance policy.

81.     Plaintiff has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

82.     Plaintiff has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendant, Novus Marine, in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## COUNT VII - Violation of Florida's
## Deceptive and Unfair Trade Practices Act Against Novus

83.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

84.     Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), §§501.201, et seq., Fla. Stat., prohibits unfair and deceptive acts or practices in the conduct of any trade or commerce.

85.     At all times material, the transactions between Plaintiff and Novus in this case were "consumer transactions" within the scope of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201 to 501.213, Florida Statutes.

86.     At all times material hereto, SOS was acting as a disclosed agent of Novus. SOS executed a certificate of insurance based upon its misrepresentations as an agent of Novus.

87.     SOS expressly spoke on behalf of Novus in making the representations

herein identified, and Novus in allowing  Anthony Cavaliere to execute documents on its behalf and sell policies of insurance under its authority created a reasonable appearance that Anthony Cavaliere was authorized to act on its behalf, spoke for Novus, and could bind Novus.

88.     Remi Bickoff of Novus also partipated in the making of expressly fraudulent statements and actions.

89.     Novus engaged in unfair and deceptive acts and practices in their dealings with Plaintiff as follows:

a)     misrepresenting the service it would be providing;

b)     misrepresenting the coverage that Plaintiff was purchasing in the policy of insurance that SOS/Novus sold to Plaintiff;

c)     selling the Plaintiff a policy of insurance, which required certain documentation in order for a claim to be accepted, without warning or advising Plaintiff of the necessary claim documentation, while having its authorized agent Anthony Cavaliere act as the motor carrier responsible for preparing such shipping documents, knowing that he would not prepare such documentation as it loaded, packed, prepared and transported the subject shipment.

d)     purposefully creating a scheme to defraud by conspiring with SOS, whereby SOS contractually disclaimed full liability for the damage that it caused, while selling Plaintiff a policy of insurance that it claimed would fill the void that its contractual disclaimer created, while knowing that coverage would not be provided.

e)     purposefully creating a scheme to defraud by conspiring with SOS, whereby SOS would act as Novus agent in selling a policy requiring and inventory, and

then SOS would not prepare such required inventory, thereby providing a claimed exception to coverage.

f)     failing to have its agent Anthony Cavaliere prepare detailed inventories when it knew that such inventories were necessary to make a claim against the policy.

g)     representing that it would assist in the claims process and claims resolution should any problem exist.

h)     failing to assist in the claims process despite repeated representations that it would provide assistance.

i)     failing to provide notice to Generali that a claim had been made against the policy seeking an amount in excess of $10,000.00

j)     failing to make any demand against the policy writer or otherwise complete claims handing duties required by it in favor of the Plaintiff that may have assisted Plaintiff in obtaining reimbursement for damages.

k)     by making repeated misrepresentations about the coverage during the claims process, and making repeated misrepresentations as to the powers and duties of Novus.

l)     by intentionally, knowingly, and fraudulently gaining the confidence of Plaintiff by making continued false representations in a scheme to defraud Plaintiff.

m)     either by affirmative act or omission, has, by and through its agents and employees, failed to disclose pertinent information about the moving agreement, its terms, or the insurance agreement, including, but not limited to, valuation, coverage, inventory requirements, disclaimers, limitations of liability, etc.

n)     by repeatedly making false representations to Plaintiff as to the

coverages provided and bases for declination of coverage.

90.     As a result of Defendants' unlawful conduct, Plaintiff has suffered actual damages to its household goods, suffered the expense of purchasing a policy sold to it by SOS/Novus which has failed to provide the coverage it was sold to provide, suffered the expense of multiple surveyors, experts, time and money in researching and preparing claim documents only for the claim to be continually declined, and suffered the expense of the transportation charges by SOS for which it did not receive value.

91.     Plaintiff has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.  Such fee is claimed from Novus pursuant to § 501.2105 and § 501.211, Florida Statues.

92.     Plaintiff has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendant, Novus Marine, in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## COUNT VIII -
### Fraud Against Novus

93.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

94.     Novus misrepresented the services that it would provide to the Plaintiff.

95.     Novus misrepresented the content and effect of the policy of insurance that it sold to Plaintiff.

96.     Plaintiff realleges and incorporates the allegations of paragraph 35, as

specific fraudulent misrepresentations made by Anthony Cavaliere to the Plaintiff.

97.     Novus repeatedly assured the Plaintiff that the policy of insurance it was selling would cover the Plaintiff for any loss or damage to their goods at any point during transit do to any cause.

98.     Novus made these misrepresentations to Plaintiff with the intent that they would be relied upon.

99.     SOS acted as an insurance agent for Novus in making these misrepresentations as to the insurance policy it was selling to Plaintiff.

100.    Novus made these representations in an effort to induce Plaintiff to use SOS' moving services and purchase a policy of insurance through it, with Novus.

101.    Plaintiff was induced by SOS's misrepresentations (on its own behalf and that of Novus) and agreed to do business with SOS and Novus as a result of such misrepresentations.

102.    The entire business relationship between Plaintiff , SOS and Novus, was predicated on active fraud and deception on the part of SOS and Novus.

103.    Upon information and belief, SOS solicited Plaintiff to purchase this policy, not for the purpose of protecting Plaintiff, but for the purpose of charging moving fees and commissions from Novus at Plaintiff's expense.

104.    SOS and Novus' representations were part of a scheme intended to defraud Plaintiff.

105.    Novus encouraged Plaintiff to rely upon these misrepresentations in choosing to do business with Plaintiff.

106.    Plaintiff was reasonable in relying upon Novus's representations as to the

-17-

moving services and the policy of insurance.

107.   Novus's false statements and material misrepresentations were made with full knowledge of their falsity.

108.   As a direct and proximate result of Novus's misrepresentations, Plaintiff has been damaged in the form of damaged household goods, costs related to inspections and surveys, costs incurred by the additional moving and storage of the damaged goods, loss of use of their goods, the cost of the moving services, and the cost of the insurance policy.

109.   Plaintiff has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.

110.   Plaintiff has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendant, Novus Marine, in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## Count X-
### Breach of an Insuring Agreement as to Generali

111.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

112.   Plaintiff and Generali entered into a contract for insurance.

113.   Plaintiff filed a claim for loss pursuant to the contract for insurance.

114.   Generali breached the contract with Plaintiff by:

        a)   Failing to promptly and reasonably adjust the claim;

        b)   Failing to properly train and/or instruct its adjusters and/or

agents;

c)      Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

d)      Failing to take into account increases in the costs, replacement cost and adjusting claims for these increased costs;

e)      Failing to timely provide sufficient funds for the repairs and replacement of the subject property;

f)      Failing to pay for expenses incurred by plaintiff as a result of the loss during the time frame of the relevant insurance contract;

g)      Failing to promptly adjust and properly pay the plaintiff's total loss as proven and substantiated;

h)      Failing to provide sufficient funds for the repair or replacement of the contents and subject property, as per policy provisions;

i)      Failing to investigate the claim in any reasonable manner or to any reasonable degree; and

j)      Any other acts or omissions to be shown at trial on the merits.

115.    As a result of these breaches of the insurance agreement, Plaintiff has been damaged in the form of damaged household goods, costs related to inspections and surveys, costs incurred by the additional moving and storage of the damaged goods, loss of use of their goods, the cost of the moving services, and the cost of the insurance policy.

116.    Plaintiff has retained the services of the undersigned attorneys to bring this action, and has agreed to pay them a reasonable fee.

117.    Plaintiff has performed all conditions precedent necessary to the bringing of

this action, or the performance of such conditions has been excused or waived.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendant, Generali, in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## Count X -
## FDTUPA against Generali

118.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

119.   Novus in regards to every act, omission, and misrepresentation made in regard to the policy, its coverage, and the claims handling was done as a disclosed agent of Generali.

120.   Generali is therefore vicariously liable for each and every act, omission, and misrepresentation of Novus as alleged in Count VI.

121.   Plaintiff repeats and realleges herein the allegations contained paragraphs 84 through 92 as though set forth in full, with each allegation made as to Novus in acting as the disclosed agent of Generali.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendant, Generali, in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

## Count XI -
## Fraud Against Generali

122.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 hereof as though fully set forth herein.

123.    Novus in regards to every act, omission, and misrepresentation made in regard to the policy, its coverage, and the claims handling was done as a disclosed agent of Generali.

124.    Generali is therefore vicariously liable for each and every act, omission, and misrepresentation of Novus as alleged in Count VII.

125.    Plaintiff repeats and realleges herein the allegations contained paragraphs 94 through 110 as though set forth in full, with each allegation made as to Novus in acting as the disclosed agent of Generali.

WHEREFORE, Plaintiff, Rachel Edwards, demands Judgment against Defendant, Generali, in an amount to be proven at trial, plus court costs, interest, reasonable attorneys' if available, and for such other relief as this Court deems just and proper.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendant
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: dsmith@lorbertsandassoicates.com
and  lroberts@lrobertsandassociates.com

By: /s/ DAVID W. SMITH
    DAVID W. SMITH, ESQ.
    Florida Bar No.: 89870
    LAWRENCE J. ROBERTS, ESQ.
    Florida Bar No.: 343218

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email on May 2, 2016, to Frank A. Miller, Esquire and Susanne M. Suiter, Esquire, Caglianone & Miller, P.A., 703 Lamar Avenue, Brooksville, FL 34601, at ssuiter@cagmil.com, sgleason@cagmil.com and lgrice@cagmil.com and James F. Sposato, Esquire, and Mitchel Chusid, Esquire, Riter Chusid, LLP, 5850 Coral Ridge Drive, Suite 201, Coral Springs, Florida 33076 at mchusid@ritterchusid.com, jsposato@ritterchusid.com, ifeliciano@ritterchusid.com and ebabbitt@ritterchusid.com.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Plaintiff
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: dsmith@lorbertsandassoicates.com
and lroberts@lrobertsandassociates.com

By: /s/ DAVID W. SMITH
    DAVID W. SMITH, ESQ.
    Florida Bar No.: 89870
    LAWRENCE J. ROBERTS, ESQ.
    Florida Bar No.: 343218